IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTONIO PEREZ,** | 03 CR 5033 AWI |
| Petitioner, | MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND, VACATE OR SET ASIDE THE SENTENCE |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | (28 U.S.C. § 2255) |

## INTRODUCTION

Petitioner Antonio Perez ("Petitioner") seeks collateral relief under 28 U.S.C. § 2255 from the sentence of 77 months imprisonment and 36 months supervised release that was imposed by this court on June 18, 2003, following Petitioner's entry of a guilty plea to one count of a violation of 8 U.S.C. § 1326 – deported alien found in the United States.  For the reasons that follow, Petitioner's motion will be denied.

## FACTUAL AND PROCEDURAL HISTORY

On or about July 26, 1999, Petitioner was deported from the United States following a felony conviction for Possession for Sale of a Controlled Substance.  On or about September 26, 2002, he was found within the United States without having obtained the consent of the Attorney General of the United States.  On April 7, 2003, Petitioner entered a plea of guilty, without the

benefit of a plea agreement, to a single count of violating 8 U.S.C. § 1326.

According to the "Offense Level Computations" in the Presentence Investigation Report ("PIR") prepared by the Probation Department in accordance with the United States Sentencing Commission Guidelines Manual, amended November 1, 2002 ("USSG"), the "Total Offense Level" for Petitioner was 21: the base offense level for a violation of 8 U.S.C. § 1326 was 8; 16 levels were added pursuant to USSG § 2L1.2(b)(1)(A)(i) because Petitioner was previously deported after "a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months"; there were no Chapter Four Enhancements; and the offense level was reduced by 3 for Petitioner's acceptance of responsibility. See U.S.S.G. § 2L1.2. The Court accepted the recommendations of the PIR and sentenced Petitioner to be imprisoned for a total term of 77 months to be followed by a supervised release for a term of 36 months. Petitioner now claims that the addition of 16 levels was unconstitutional in light of recent Supreme Court decisions and therefore seeks to amend, vacate or set aside the sentence.

## **LEGAL STANDARD**

28 U.S.C. § 2255 provides that a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn

the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

28 U.S.C. § 2255 also provides for a "1-year period of limitation" to run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 claim is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (1)-(4).

## DISCUSSION

### A. Statute of Limitations

Petitioner's motion was filed on March 16, 2005, nearly 21 months after the date his judgment was made final, while the statute under which Petitioner brings the motion offers only a one-year period of limitation. The caption of Petitioner's motion implies that Petitioner filed a previous section 2255 motion at some earlier time[1], but an examination of the Court's docket and files revealed no such motion and the instant motion makes no reference to an earlier one anywhere in the body of the text. Accordingly, the Court shall construe this motion as the only one filed by Petitioner and proceed to evaluate it for timeliness.

In order to determine if the petition is timely, the court must first determine which of the possible starting dates for the running of the statute of limitations applies. The first of the possible starting points begins to run on the date that the judgment becomes final. Judgment

---

[1] Petitioner's motion is titled "Motion for Permission to File Amended and Supplemental Pleading to Petitioner's Motion 28 U.S.C.A. § 2255 Pursuant Rule 15 of Fed. R. of Civ. P. in Light of New Supreme Court in Blakely v. Washington; Booker v. U.S. & Fanfan v. U.S." (sic).

3

against Petitioner was entered on June 17, 2003, the same day Petitioner was sentenced. That judgment became final the day following the last day on which notice of appeal could have been filed. In a criminal case, a notice of appeal must be filed within 10 days of the court's entry of judgment. Fed. R. App. Proc. 4(b)(1)(A). An examination of the Court's docket and files revealed that no such notice was filed in this case. Therefore, Petitioner's judgment may be deemed final at the latest on June 28, 2003, and the one-year statute of limitations imposed by the statute began to run on that date, absent some fact justifying a different starting date for the period of limitations.

In this case, Petitioner alleges no government-created impediment to bringing a section 2255 claim, therefore no discussion is necessary as to the second of the possible starting points. Likewise, there is no claim of facts supporting the petition that could not have been discovered through due diligence, therefore the fourth of the possible starting or triggering events does not apply.

The third starting point would begin to run on the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner's claim relies entirely on the Supreme Court decisions in Blakely v. Washington, 542 U.S. 296 (2004), and the more recent United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), and applied its holding in Blakely to the USSG. "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 243. However, by its own terms, the Booker holding only applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" Id. at 268 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)).

This Circuit has also made absolutely clear that neither of the decisions relied upon by

Petitioner apply retroactively to cases on collateral review. The Ninth Circuit, applying the analysis set forth in Teague v. Lane, 489 U.S. 288, 310 (1989), has refused to give retroactive effect of the rule in Blakely to any case that was final before Blakely was decided; that is, to any case on collateral review. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). Using the same analysis, the Ninth Circuit has held that the rule in Booker does not apply retroactively to cases on collateral review. United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005). Accordingly, the statute of limitations for Petitioner to bring a claim under this section began to run on June 28, 2003, when his judgment became final, and expired on June 29, 2004, considerably earlier than the filing of the present motion.

Therefore, the Court has no choice but to find that Petitioner's motion was not timely filed.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Petitioner's motion to vacate, correct or set aside the sentence is DENIED; and
2. the Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated:    November 29, 2007**            /s/ Anthony W. Ishii
                                            UNITED STATES DISTRICT JUDGE